**FLIGHTCRAFT, INC., and Beech Acceptance Corporation, Plaintiffs–Appellees,**

v.

**CONTINENTAL DESERT PROPERTIES, INC., Defendant,**

and

**Jet America Corporation, and its successors, Eagle Aviation Corporation and/or Eager Aviation Corporation, Movants–Appellants.**

No. 87–3813.

United States Court of Appeals, Fifth Circuit.

July 7, 1988.

---

11. 829 F.2d 553 (5th Cir.1987).

John F. Emmett, New Orleans, La., for movants-appellants.

Daniel S. Smith, New Orleans, La., for plaintiffs-appellees.

Before THORNBERRY, WILLIAMS, and SMITH, Circuit Judges.

THORNBERRY, Circuit Judge:

This case concerns the relative priority under Louisiana law of an out-of-state purchase money security interest and a Louisiana artisan's lien. Because we think Louisiana clearly accords priority to the purchase money security interest, we affirm the district court.

### I.

In 1982, Flightcraft, Inc. and Beech Acceptance Corp. (referred to collectively as "Beech") lent nearly $2 million to Continental Desert Properties for the purchase of a Beechcraft aircraft. Continental gave in exchange a promissory note and a security interest in the aircraft. The security agreement, which was made in Kansas, created a purchase money security interest under Kansas law. In accordance with federal law, Beech perfected its security interest by filing with the FAA.

Continental later defaulted in its payments under the note, and Beech sued in federal district court in California. The California federal court ordered Continental to surrender the aircraft to Beech. Beech located the aircraft in Orleans Parish in Louisiana in the possession of Jet America. Jet America claimed an artisan's lien on the aircraft for repairs, storage costs, fuel, and maintenance, and therefore refused to surrender the aircraft to Beech.

Beech sought a writ of assistance from the district court in Louisiana to enforce its California judgment. Jet America intervened, seeking to protect its lien. The district court granted the writ, conditioned on Beech's posting of a $20,000 bond to cover obligations arising from Jet America's lien. Beech then filed a motion for summary judgment, seeking a decision that, as a matter of law, its security interest was higher in priority than Jet America's. The court denied the motion and indicated its opinion that an evidentiary hearing was necessary.

Later, however, the parties agreed to the referral of the case to a magistrate. *See* 28 U.S.C. § 636(c). Beech then filed a second motion for summary judgment which the magistrate granted, thus dismissing Jet America's claims. Jet America appeals.

### II.

Each party admits the validity of the other's security interest. The only question, therefore, is relative priority. Both parties agree that Louisiana law should determine that priority.

In Louisiana, only a vendor's privilege, chattel mortgage, or bona fide purchaser can prevail over the holder of an artisan's lien. La.Rev.Stat. 9:4501. The magistrate held that Beech's purchase money security interest in the aircraft, though arising originally under Kansas law, was the equiva-

lent of a chattel mortgage under Louisiana law. As a result, the magistrate ruled that Beech's security interest had priority over Jet America's lien. Accordingly, she dismissed Jet America's claim against Beech.

Jet America does not challenge the magistrate's conclusion that an out-of-state purchase money security interest should be treated as a Louisiana chattel mortgage for purposes of assigning priority. Jet America's only argument on appeal is based on La.Rev.Stat. 9:5353. At all relevant times, that statute provided that, "[i]n order to affect third persons, every chattel mortgage shall be by authentic act, or by private act, duly authenticated in any manner provided by law."[1] There is no question that Beech's security agreement fails to satisfy the authentication requirement because it was not witnessed or notarized. Jet America argues, as a result, that Beech's security interest cannot take effect against Jet America, a "third person."

We cannot accept Jet America's argument. Although we must apply Louisiana law concerning the priority of security interests, we do not think that La.Rev.Stat. 9:5353 addresses the issue of priority. Instead, 9:5353 addresses only the requisites of enforceability of security interests.

Unlike other states, Louisiana determined that it was not appropriate to bind a third party by a security interest unless, in addition to mere notice of the existence of the security interest, the third party had a specific indication of the security interest's authenticity. The authentication requirement, therefore, was a supplement to the notice requirement. In this case, however, Beech possesses a security interest that is valid and enforceable under Kansas law, and appropriate notice of the interest has been given under federal law by the filing with the FAA. Moreover, there is nothing in the record suggesting that the transaction originally had any connection with Louisiana or that Beech had any reason to expect that the aircraft would be taken to Louisiana. Also, there is no allegation that Beech knew that the aircraft had been taken to Louisiana. It is unreasonable to conclude that the Louisiana legislature intended to apply its additional authentication rule in these circumstances.

We observe that a different conclusion might effectively destroy the utility of out-of-state security interests in aircraft that happen to be brought into Louisiana. Because no other state imposes a similar authentication requirement, it is unlikely that many non-Louisiana security agreements would conform to the Louisiana norm. As a result, most non-Louisiana security interests would be unenforceable against third parties if the property were moved into Louisiana and the Louisiana authentication law were applied. Such a rule would engender particular mischief if applied to aircraft, which are highly mobile. We are confident that Louisiana has rejected such a result.[2] *See Scott Truck & Tractor Co. v. Daniels*, 401 So.2d 590 (La.Ct.App.1981) (valid chattel mortgages, properly recorded in state where executed, have same effect when property is moved to another state if mortgagee is unaware of the movement) (citing *General Motors Acceptance Corp. v. Nuss*, 195 La. 209, 196 So. 323 (1940)).

### III.

Because Beech had a valid and perfected purchase money security interest, enforceable in Louisiana against third parties, and because Louisiana subordinates artisan's liens to such security interests, we AFFIRM the magistrate's judgment dismissing Jet America's claim.

**1.** The statute was extensively rewritten in 1987 and the quoted portion does not appear in the current version. Because we think the statute has no application in this case, we need not decide whether the amendments are retroactive.

**2.** Beech argues forcefully that federal law would not permit Louisiana to apply its authentication law to out-of-state security interests in aircraft. We do not reach that argument because we conclude that the Louisiana law does not apply in such cases.